Dowd, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Morton Collins | ) | CASE NO. 5:12 CV 2677 |
| Kim Collins, | ) | |
| | ) | |
| Plaintiff(s), | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| v. | ) | |
| | ) | |
| Ford Motor Credit Company, LLC, *et al.*, | ) | |
| | ) | |
| Defendant(s). | ) | |

## I. INTRODUCTION

On September 21, 2012, *pro se* Plaintiff Morton Collins filed this action under 42 U.S.C. §1983 on behalf of himself and his wife, Kim Collins, in the Portage County Ohio Court of Common Pleas against Mercury Lincoln Ford Customer Relations Dept., Mazda of Kent Customer Relations Dept. ("Mazda of Kent"), and Mazda American Credit ("Mazda Credit"). In the Complaint, Plaintiff alleges Defendants refuse to recognize verbal representations made to them by a Mazda dealership salesman during a 2007 lease transaction. He seeks monetary relief for lost wages, mental anguish and pain and suffering.

Ford Motor Credit Company, LLC, ("Ford Motor Credit") filed a Notice of Removal on October 25, 2012, stating it does business as both Mercury Lincoln Ford Customer Relations Department and Mazda American Credit Ford Motor Credit. Ford Motor Credit further

(5:12 CV 2677)

indicated Mazda of Kent Customer Relations Department was not properly served and is inactive, defunct, or non-existent. (Doc. 1 at 3). Ford Motor Credit filed an Answer to the Complaint on November 1, 2012.

Plaintiff responded by filing a Motion for Default and Motion for Summary Judgment. (Doc. 7). Plaintiff contends Defendants' Answer was due on October 21, 2012, not November 1, 2012, and the Defendants' attorneys did not file a Motion to Appear Pro Hac Vice. He claims default judgment was entered by the state court on October 21, 2012. He asserts the Defendants are time-barred under Federal Civil Procedure Rule 60(b)(1). Further, Plaintiff contends that allegations in the Complaint are admitted if not denied in a timely-filed Answer. He asserts that because the Answer was not timely filed, Defendants effectively admitted all the allegations. Plaintiff seeks summary judgment on this basis. For the reasons stated below, Plaintiff's Motion for Default and Motion for Summary Judgment (Doc. 7) is **DENIED** and this action is **DISMISSED**.

## II. BACKGROUND

Plaintiff's Complaint contains few facts and is difficult, at times, to decipher. Kim Collins either leased or purchased a 2006 Mercury Milan from a Mercury Lincoln Ford car dealership in Kent, Ohio on February 25, 2006.[1] She indicates she drove the car to North Carolina and upon returning home,[2] told her husband the engine was "making noises." (Doc. 1-1 at 12.) Kim Collins took the Milan to the Kent, Ohio dealership for an oil change on January 11,

---

[1] The Mercury Milan is a mid-sized sedan. *See http://www.thecarconnection.com.*

[2] Kim Collins lists a home address in Aurora, Colorado.

(5:12 CV 2677)

2007, nearly eleven months after the purchase, and told the sales associate she did not want the car because "it seemed it was going to have problems." (Doc. 1-1 at 12.) The sales associate asked her which car she would like to drive and she selected a 2007 Mazda CX7.[3]

Mrs. Collins believed that when she and the sales associate were discussing a "trade", she was merely exchanging the Milan for the CX7. She understood the purchase price of the CX7 was higher than the purchase price of the Milan, and she therefore would have to make a down payment of $1,000.00, and increase her monthly payments by $25.00. Because she believed she was just exchanging vehicles, Kim thought the $3000.00 down payment she had made toward the purchase of the Milan in 2006, and all monthly payments she had made on the Milan from 2006 until she returned the car would be applied to the purchase price of the CX7. Prior to signing the contract for the "trade," the sales associate at the dealership telephoned Morton Collins to inform him of the transaction. He instructed the sales associate not to go through with the deal as he believed Kim had leased the Milan. Plaintiff claims he was told the dealership had already taken Kim's personal property from the Milan and transferred it to the CX7. Kim Collins apparently signed the new sales agreement.

It appears the dealership treated the transaction as a trade in of the Milan and the subsequent new purchase of the CX7. The down payment of $1,000 was applied to the purchase of the CX7; however, the payments Kim Collins made on the Milan were not credited toward the purchase price of the CX7. Morton Collins claims the failure to credit the Milan payments to

---

[3] The Mazda CX7 is crossover SUV. *See http://www.thecarconnection.com.*

(5:12 CV 2677)

their account has the effect of requiring them to pay on the loan for another year.

Morton Collins asserts the sales associate acted in bad faith, and with reckless disregard of ethical business practices.  He contends Defendants violated their "First Amendment right to redress and to grieve customer relations services," their "Fifth Amendment [right] to be treated fairly in their business transaction,... [and their] Eighth Amendment [right] against cruel and unusual punishment in being harassed for payment, that has been paid a year ago."  (Doc. 1-1 at 7.)

### III.  LAW AND ANALYSIS

#### A.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court may *sua sponte* dismiss a Complaint at any time pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the allegations of a Complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (citing *Hagans v. Levin*, 415 U.S. 528, 536-376 (1974)).  In other words, a district court may *sua sponte* dismiss a claim under Rule 12(b)(1) where that claims lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480.   Under these circumstances, a district court need not provide a plaintiff the opportunity to amend his/her complaint.  *Id.* at 479.  *See also Tingler*, 716 F.2d at 1111.  The Plaintiff has the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996).  Lack of subject matter

(5:12 CV 2677)

jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

**B.  Proper Plaintiff(s)**

As an initial matter, the Court notes that neither Morton or Kim Collins physically signed the Complaint.  Only Morton Collins typed his name in the signature block at the end of the Complaint.

In general, a party may plead and conduct his or her case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[4]  An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction.  *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).

Only Morton Collins arguably signed the Complaint.  There is no indication that Mr. Collins is a licensed attorney, and therefore his signature is not effective to bring the claims of Kim Collins before this Court.  Consequently, Kim Collins is not a party to this action and only the claims pertaining to Morton Collins are properly before this Court; any claims pertaining to Kim Collins cannot be addressed.

---

[4]  28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

(5:12 CV 2677)

## C. Standing

It is not clear from the allegations in the Complaint that Morton Collins has standing to bring the claims asserted in this action. He asserts that Kim Collins purchased a 2006 Milan from Mercury Lincoln Ford on February 25, 2006. (Doc. 1-1 at 5). He claims Kim Collins was dissatisfied with the car and sought to exchange the car when she returned to the dealership for an oil change eleven months after the purchase. (Doc. 1-1 at 5). The sales associate made a telephone call to Morton Collins; however, the Complaint does not suggest anyone other than Kim Collins signed the contract for the purchase of the CX7. Aside from being consulted about the advisability of the transaction, there is no indication that Morton Collins was a party to either the purchase of the Milan or the purchase of the CX7.

In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Federal courts must balance "the heavy obligation to exercise jurisdiction," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (1976), against the "deeply rooted" commitment "not to pass on questions of constitutionality" unless adjudication of the constitutional issue is necessary. *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 105 (1944). Consistent with these principles, standing jurisprudence has two components: Article III standing, which enforces the Constitution's case or controversy requirement, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992); and prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*,

(5:12 CV 2677)

468 U.S. 737, 751 (1984).

To establish Article III standing, the Plaintiff must show that the conduct of which he complains caused him to suffer an "injury in fact" that a favorable judgment will redress. *See Lujan*, 504 U.S. at 560- 561. An "injury in fact" is an invasion of a legally protected interest of the Plaintiff which is: (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" *Warth*, 422 U.S. at 508; *see Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). There must be a causal connection between the injury and the conduct of which Plaintiff complained. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, (1976). In other words, the injury has to be "fairly ... trace[able] to the challenged action of the Defendant, and not ... th[e] result [of] the independent action of some third party not before the court." *Id.* Finally, it must be "likely" as opposed to merely "speculative," that the injury will be redressed by a favorable decision. *Id*. at 38.

Prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's Complaint fall within the zone of interests protected by the law invoked." *Allen*, 468 U.S. at 751. A party must assert his or her own legal rights and interests, and cannot rest his or her claim to relief on the legal rights or interests of third parties. *Warth*, 422 U.S. at 499; *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985).

Here, Morton Collins has not alleged facts to suggest any of his legal interests are at stake. There is no indication in the pleading that he signed either of the auto sales contracts. He

(5:12 CV 2677)

was not present at the dealership when the second transaction occurred. The fact that Morton Collins may be collaterally affected by the adjudication of his wife's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692. He has not met his burden to establish standing to raise the claims asserted in the Complaint.

**D. Motion for Default Judgment and Motion for Summary Judgment**

Even if Morton Collins had standing to raise the claims asserted in this Complaint, and even if Kim Collins had signed the Complaint, Plaintiff's Motion for Default Judgment and Motion for Summary Judgment (Doc. 7) would be denied. Federal Civil Procedure Rule 81(c) provides that when a case is removed from state court to federal court, a defendant who did not file an Answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

> (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

The method of computing time is found in Federal Civil Procedure Rule 6(a). When calculating the 21 days to file an Answer or responsive pleading, the day of service is excluded. Fed.R.Civ.P. 6(a)(1)(A). Thereafter, every day, including Saturdays, Sundays and legal holidays are counted. Fed.R.Civ.P. 6(a)(1)(B). If the last day of the period falls on a Saturday, Sunday or legal holiday, however, the response is due by the end of the next business day that is not a legal holiday. Fed.R.Civ.P. 6(a)(1)(C). The last day of the period ends for those filing electronically

(5:12 CV 2677)

at midnight in the Court's time zone, or for those filing manually, at the time the Clerk's office is scheduled to close.  Fed.R.Civ.P. 6(a)(4)(A) and (B).

In this case, Plaintiff is not properly computing the time within which Defendants had to serve an Answer.  Defendants were served with the Complaint on September 28, 2012.  A Notice of Removal was timely filed on October 25, 2012.  Based on Rule 81(c), Defendants' Answer was due on the later of either twenty one days after service, which would make the Answer due on October 26, 2012, or seven days after the Notice of Removal was filed, which would make the Answer due on November 1, 2012.  November 1, 2012 is the later of those two dates.  Defendants' Answer was filed on November 1, 2012.  It was therefore timely filed and Ford Motor Credit is not in default.  There is no indication that the Plaintiff has perfected service on the other Defendant.  Plaintiff's Motion for Default Judgment is therefore denied.  Because Plaintiff's Motion for Summary Judgment is premised on Plaintiff's assertion that Defendants were in default, that Motion is also denied.

Moreover, Plaintiff indicates the state court had already found Defendants to be in default.  The state court record transmitted to this Court on November 5, 2012 (Doc. 6) does not reflect a finding of default.  In addition, Plaintiff challenges the ability of Defendant's counsel to appear before this Court, indicating the attorneys did not file a Motion to Appear *Pro Hac Vice*.  A Motion to Appear *Pro Hac Vice*, however, is unnecessary.  Both attorneys are admitted to practice in the United States District Court for the Northern District of Ohio.

(5:12 CV 2677)

### E. Subject Matter Jurisdiction

Finally, even if Morton Collins had standing to raise his claims in this action, and even if Kim Collins had signed the complaint, Plaintiff has not asserted a legally viable cause of action. Plaintiff asserts that all of the claims in the Complaint arise under 42 U.S.C. § 1983. To set forth a cognizable § 1983 claim, Plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). A plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

Plaintiff can only hold a private party, such as Ford Motor Credit, liable under 42 U.S.C. § 1983, if the Defendant's conduct can be fairly attributable to the state. The Sixth Circuit has developed three tests to determine when a private Defendant can be considered to be a state actor: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *Memphis Tenn. Area Local v. City of Memphis*, 2004 WL 103000 at *5 (6th Cir. Jan. 21, 2004). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state" such as conducting elections. *Wolotsky*, 960 F.2d at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that

-10-

(5:12 CV 2677)

the action taken may be attributed to the state. *Id*.

Here, Plaintiff does not allege any facts to support a determination that the defendants acted "under color of state law."  Negotiating an automobile sale contract is not a power reserved exclusively to the state and there are no facts alleged in the Complaint to suggest the state of Ohio coerced the Defendants into structuring the sale in a particular way, or otherwise took an active role in the operation of the Defendants' businesses.  Simply put, Plaintiff cannot bring an action for violation of constitutional rights against Ford Motor Credit, or Mazda of Kent, under 42 U.S.C. § 1983.

Finally, the time to bring an action under 42 U.S.C. § 1983 expired well before the Complaint was filed.  Ohio's two year statute of limitations for bodily injury applies to §1983 claims.  *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097, 1105 (6th Cir. 1995).  The purchase of the Mazda CX7 occurred on January 11, 2007.  The Complaint was filed on September 21, 2012, five years after the purchase in question.

The date on which the statute of limitations begins to run in a civil rights action is a question of federal law. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Ordinarily, the limitations period starts to run "when the Plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. at 273. "In determining when the cause of action accrues in section 1983 actions, we have looked to what event should have alerted the typical lay person to protect his or her rights." *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir.1991).  In this case, the Plaintiff entered into a new sales agreement in January 2007 and the terms of that agreement were presumably set out in the new sales contract.  The sales associate told Kim Collins she

-11-

(5:12 CV 2677)

would have to provide another down payment and pay an increased amount per month.  Money that was to have been credited toward that deal should have appeared in the new contract.  It apparently was not included in the contract, and that should have alerted the typical lay person to question the terms of the agreement.  The statute of limitations period for filing an action under 42 U.S.C. § 1983, expired well before this action was filed.

Accordingly, the Court concludes that Plaintiff's Complaint lacks the legal plausibility necessary to invoke federal subject matter jurisdiction, and *sua sponte* dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(1).

### IV.  CONCLUSION

For all the reasons stated herein, Plaintiff's Motion for Default and Motion for Summary Judgment (Doc. 7) is DENIED, and this action is DISMISSED for lack of subject matter jurisdiction pursuant to Federal Civil Procedure Rule 12(b)(1).

Plaintiff's Motion for Discovery (Doc. 5) and Defendants' Motion for Discovery (Doc. 9) and Motion for Initial Conference (Doc. 10) are denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

---

[5]  28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

(5:12 CV 2677)

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to:

Mr. Morton Collins
Mrs. Kim Collins
2205 East 39th Street
Cleveland, Ohio 44115

Mr. Morton Collins
Mrs. Kim Collins
6500 Black Road
Bellville, Ohio 44813

Mr. Morton Collins
Mrs. Kim Collins
11919 East Kansas, Apt. K
Aurora, Colorado 80012

IT IS SO ORDERED.

November 15, 2012                    s/David D. Dowd, Jr.
Date                                 David D. Dowd, Jr.
                                     U.S. District Judge