DOWD, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Morton Collins and<br>Kim Collins, | )<br>)<br>) | CASE NO. 5:12 CV 2677 |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | MEMORANDUM OPINION AND ORDER |
| Ford Motor Credit Company, LLC, *et al.*, | )<br>) | |
| Defendants. | ) | |

A.   Introduction

*Pro se* plaintiff Morton Collins filed a Motion for Reconsideration (ECF 14) asking the Court to vacate its decision to dismiss this action. For the following reasons, the Motion is denied.

Morton Collins filed this case, on behalf of himself and his wife Kim Collins, in the Portage County Court of Common Pleas pursuant to 42 U.S.C. § 1983 against Ford Motor Credit, Mazda of Kent Customer Relations Department, and Mazda American Credit. Defendants removed the action to the United States District Court for the Northern District of Ohio on October 25, 2012.

Thereafter, Mr. Collins moved for default and summary judgment. The Court began its analysis of the motion for default and summary judgment by indicating that Morton Collins could not represent his *pro se* wife nor could he assert her claims as his own. However, the Court assumed for the purpose of ruling on the motion for default and summary judgment that

(5:12 CV 2677)

Kim Collins' claims were before the Court and that Morton Collins had standing to assert the claims in the complaint.

All claims in plaintiffs' complaint are asserted pursuant to 42 U.S.C. § 1983.  The defendants are all private corporations, not government entities or officials.  Section 1983 applies only to actions taken by government or its employees.  Plaintiffs do not allege any facts in the complaint to support a determination that the defendants acted "under color of state law."  Accordingly, the Court concluded that plaintiffs cannot state a cause of action against defendants pursuant to Section 1983, and the case was dismissed on November 16, 2012.  ECF 11 and 12.

B.     Motion for Reconsideration

Morton Collins, still acting on behalf of himself and his wife, then filed the Motion for Reconsideration now pending before the Court.  Specifically, the Motion states in its entirety:

> The reasons for this cause of action is more fully set forth herein, hereafter, to wit; (sic) According to Rule 72(a) of the Federal Rules of Civil procedure governs (sic) the review of Magistrate Judge orders by district court judges.  Said Rule 72(a) provides in pertinent part that '[w]ithin 10 days[1] after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order... .  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.'  In applying the 'clearly erroneous or contrary to law,' standard, a district court shall affirm the decision of the magistrate judge unless, based on all of the evidence, the court is left with a definite and firm conviction that the magistrate judge made a mistake. (citations omitted).  Therefore, the Plaintiffs is (sic) Entitled to a Trial by Jury and not a bench decision by this Court.  Therefore, Plaintiff's Motion for

---

[1] Federal Rule of Civil Procedure 72(a) actually provides a litigant with 14 days to serve and file objections to a magistrate judge's order.

(5:12 CV 2677)

>> Reconsideration, should be <u>SUSTAINED/GRANTED</u>, for which is ever <u>PRAYED</u>.

(ECF 14) (emphasis in original).

C.    <u>Analysis</u>

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). Morton Collins' Motion for Reconsideration was timely filed.

A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) motions are aimed at reconsideration, not initial consideration, and must clearly establish a manifest error of law, an intervening change in controlling law, or must present newly discovered evidence. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Morton Collins does not base his motion for reconsideration on a clear error of law, newly discovered evidence, or an intervening change in the law. Instead, he cites a Rule of Civil Procedure which is wholly irrelevant to this case. Rule 72(a) applies to orders issued by a magistrate judge with respect to nondispositive matters, and to the district court's review of any objections to the magistrate judge's order that a party may file.

In this case, the Memorandum Opinion and Order to which Morton Collins objects was issued by the undersigned district judge, not a magistrate judge. Rule 72 is entirely inapplicable to this case and, no matter how liberally construed, does not support Mr. Collins' attempt to

(5:12 CV 2677)

assert a clear error of law under Rule 59(e).  Mr. Collins does not otherwise specify any basis for the Court to alter or amend its judgment.

Accordingly and for these reasons, Mr. Collins' Motion for Reconsideration (ECF 14) is DENIED.

The Court requests that the Clerk mail a copy of this Memorandum Opinion and Order to Morton Collins and Kim Collins at their address of record.

IT IS SO ORDERED.


December 21, 2012            s/David D. Dowd, Jr.
Date            David D. Dowd, Jr.
           U.S. District Judge